# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH WASHINGTON, | ) |
| | ) Civil Action No. 11 – 676 |
| Plaintiff, | ) |
| | ) District Judge David S. Cercone |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| ALLEGHENY COUNY JAIL, DR. YOUNG, UNKNOWN ELDERLY NURSE, AFRICAN AMERICAN FEMALE, C.O. 1 MORRIS, | ) ) ECF No. 17 ) |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant Dr. Youngue[1] (ECF No. 17) be granted without prejudice to Plaintiff filing an amended complaint correcting the defects outlined in this Report and Recommendation. If Plaintiff fails to file an amended complaint within the time set by the District Judge, then it is recommended that Plaintiff's Complaint be dismissed with prejudice as to Defendant Dr. Youngue.

**II.    REPORT**

Plaintiff, Keith Washington ("Plaintiff") commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Defendants alleging claims of excessive force and denial of medical treatment for events that occurred while incarcerated at the Allegheny County

---
[1] Incorrectly referred to as "Dr. Young" in Plaintiff's Complaint.

1

Jail. Plaintiff names as Defendants: Allegheny County Jail, Dr. Youngue, Unknown Elderly Nurse, African American Female, and Corrections Officer Morris. Defendant Dr. Youngue has filed a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's Motion to Dismiss will be granted without prejudice.

### A. Standard of Review

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Courts generally consider the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. Pension Benefit Guar. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Factual allegations within documents described or

identified in the complaint also may be considered if the plaintiff's claims are based upon those documents. Id. (citations omitted). Moreover, a district court may consider indisputably authentic documents without converting a motion to dismiss into a motion for summary judgment. Spruill v. Gills, 372 F.3d 218, 223 (3d Cir. 2004); In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### B. Plaintiff's Allegations

In his Complaint, Plaintiff alleges the following. On or about August 1, 2007, while in the intake unit of the Allegheny County Jail, he was beaten by several officers. Specifically, he alleges that the officers sprayed him in the mouth, nose, and eyes with a chemical; hit him in the head with hand cuffs; kicked and punched him; and subjected him to the use of a Taser. Plaintiff

states that he was charged with several felony offenses as a result of the incident but was found not guilty by a jury upon proceeding to trial. Without explanation, Plaintiff claims that his claims are not barred by the two-year statute of limitations even though his Complaint was filed on May 20, 2011.

### C. Discussion

Defendant Dr. Youngue seeks dismissal of Plaintiff's Complaint on the basis that Plaintiff's claims are barred by the applicable statute of limitations and that he has failed to satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

1. Statute of Limitations

First, Defendant Dr. Youngue asserts that Plaintiff's Complaint is time-barred. Plaintiff alleges that the incident complained of occurred on or about August 1, 2007, and that the statute of limitations is "not up."

Pennsylvania's two-year statute of limitations, which governs Plaintiff's § 1983 claims, *see* Wallace v. Kato, 549 U.S. 384, 397 (2007); *see also* 42 Pa. Const. Stat. § 5524(2), began running "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). Furthermore, Pennsylvania's discovery rule "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted); *see also* Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (whether a plaintiff is entitled to tolling is generally governed by state law).

Here, Plaintiff alleges that the "assault" against him took place on or about August 1, 2007. Accordingly, Plaintiff's claims against any Defendant who participated in the alleged

incident appears to have accrued almost four years before the Complaint was filed and hence are time-barred. However, Plaintiff does not state whether he was denied medical care in connection with the incident alleged nor does he state why he believes the statute of limitations is "not up." As such, as to Defendant Dr. Youngue, the undersigned recommends dismissing Plaintiff's Complaint without prejudice to him filing an amended complaint clarifying these issues. [2]

2. <u>Sufficiency of Allegations Against Dr. Youngue</u>

Next, Defendant Dr. Youngue asserts that Plaintiff's Complaint should be dismissed as legally insufficient for his failure to comply with the pleading standards of Federal Rule of Civil Procedure 8. When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint are tested. Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(a)(2), the statement need only "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." <u>Twombly</u>, 550 U.S. at 555 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). The Court's analysis is "generally confined to a review of the complaint and its proper attachments." <u>Lane v. Halliburton</u>, 529 F.3d 548, 558 (5th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted lawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

---

[2] Plaintiff is advised that, because his complaint was filed on May 20, 2011, any actions which took place prior to May 20, 2009 would be time barred.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57, 570).

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff must provide the "grounds" of his "entitlement to relief," which requires more than labels and conclusions or formulaic recitations of the elements of a cause of action. Twombly, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (overruled on other grounds)).

Here, Plaintiff alleges nothing more than he was subjected to cruel and unusual punishment and denied medical treatment. He does not state whether he was denied medical treatment in connection with the incident that occurred on August 1, 2007, nor does he proffer any allegations as to his injuries, the type of treatment he was denied, and by whom. As to Dr. Youngue, it is impossible to know why Plaintiff has named him as a Defendant because he never mentions him in the Complaint. Rather, Plaintiff lists Dr. Youngue in the caption of his Complaint without setting forth any basis for a claim against the doctor in the body of his pleadings and he requests that the "Medical Department" compensate him for his injuries. This style of pleading is plainly inadequate to state a claim and compels dismissal of Dr. Youngue. *See* Hudson v. City of McKeesport, 244 F. App'x 519 (3d Cir. 2007) (affirming dismissal of defendant who was only named in caption of case). Accordingly, the undersigned will recommend that Plaintiff's Complaint against Dr. Youngue be dismissed without prejudice to him filing an amended complaint in accordance with the pleading standards of Federal Rule of

Civil Procedure 8.[3] Should Plaintiff's fail to file an appropriate amended complaint within the required time set forth by the District Judge it is recommended that his Complaint be dismissed with prejudice as to Defendant Dr. Youngue.

III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant Dr. Youngue (ECF No. 17) be granted without prejudice to Plaintiff filing an amended complaint correcting the defects outlined in this Report and Recommendation. If Plaintiff fails to file an amended complaint within the time set by the District Judge, then it is recommended that Plaintiff's Complaint be dismissed with prejudice as to Defendant Dr. Youngue.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: May 24, 2012

---

[3] Should Plaintiff choose to file an amended complaint it should contain the same docket number as the instant action and should be labeled "Amended Complaint." The "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). In particular, Plaintiff is advised that any amended complaint he may file supersedes the original complaint. As a result, all causes of action alleged in the original complaint which are not alleged in the amended complaint will be deemed waived.
Finally, Plaintiff is directed to provide factual allegations in support of his claims in short, concise, and plain statements, and in numbered paragraphs. These allegations should be specific as to time and place, and Plaintiff should specify what each individual Defendant did that led to a deprivation of his constitutional or other federal rights. He shall also specify the relief he seeks with regard to each claim.

7

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Keith Washington
 32979068
 Northeast Ohio Correctional Center
 2240 Hubbard Road
 Youngstown, OH 44505

 Counsel of record.