# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH WASKINGTON, | ) |
| | ) Civil Action No. 11 – 676 |
| Plaintiff, | ) |
| | ) District Judge David S. Cercone |
| v. | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) |
| ALLEGHENY COUNY JAIL, DR. | ) |
| YOUNGUE, UNKNOWN ELDERLY | ) ECF No. 26 |
| (AFRICAN AMERICAN) NURSE | ) |
| FEMALE, and C.O. 1 MORRIS, | |
| | |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendants Dr. Youngue and the Unknown Elderly (African American) Nurse Female (ECF No. 26) be granted; that Plaintiff's Amended Complaint be dismissed in its entirety against all Defendants; and that this case be closed.

**II.  REPORT**

### A.  Procedural Background

Keith Washington ("Plaintiff") commenced this action in May 2011 pursuant to the Civil Rights Act of 1871, as amended 42 U.S.C. § 1983. In his original Complaint (ECF No. 6), Plaintiff alleged claims of excessive force and denial of medical treatment while he was confined at the Allegheny County Jail. Defendant Dr. Youngue filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and, on May 24, 2012, the undersigned

1

recommended that the motion be granted but that Plaintiff be allowed to file an amended complaint as it was not clear that granting him leave to do so would necessarily be futile. (ECF Nos. 17, 24.) Shortly thereafter, Plaintiff filed an Amended Complaint, wherein he asserted claims of cruel and unusual punishment, denial of medical treatment, aggravated assault, racism, and physical and mental abuse and oppression. (ECF No. 25.)

Defendants Dr. Youngue and the Unknown Elderly (African American) Nurse Female have filed a Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26). Although Plaintiff was directed to file a response in opposition to the motion, and was granted an extension of time to do so, he failed to file any such response. (ECF No. 31.) As such, the motion is now ripe for review.

### B. Plaintiff's Allegations

In his Amended Complaint, Plaintiff alleges that while in the intake unit of the Allegheny County Jail on August 1, 2007, he was attacked and beaten by Defendant Corrections Officer Morris and several other unknown officers. (ECF No. 25 at pp.3-5.) Specifically, he alleges that Defendant Morris ran up from behind the desk and grabbed the back of his neck so as to choke him and then threw him to the floor. Id. at pp. 4-5. He states that while Defendant Morris was choking him, several officers arrived, tasered him, and sprayed him in the eyes, nose, and mouth with a chemical solution. Id. at p.5. He also states that an officer hit him in the head with handcuffs while another officer punched him in the back. Id. Once he was handcuffed, he was escorted to a room but the officers alleged rammed his face into the door lock before strapping him into a chair and leaving him there for over an hour while bleeding and unable to breathe. Id. He claims that he has asthma and that the officers did not give him an inhaler or promptly call for medical attention. Id.

After "an hour or two," the unknown elderly nurse, who is named as a Defendant herein, arrived. Id. Plaintiff claims that she asked him several questions but the officers answered her questions for him. Id. Plaintiff attempted to explain what had happened but the officers would interrupt and tell the nurse that Plaintiff was fine and needed no serious treatment. Id. The officers instructed the nurse not to speak to Plaintiff and to "hurry and [fill] out of her sheet" because she was "taking to[o] long." Id. at p.6. Plaintiff claims that the nurse did as she was told and left without providing him with any medical treatment. Id.

Plaintiff was thereafter transferred to the Disciplinary Housing Unit where he claims that he fell "in and out of consciousness" several times and that the officers would not get him medical attention despite the presence of blood on his clothes and body. Id. Plaintiff states that he had contact with two nurses approximately a day or two later and that he explained to them that he had not been seen by a doctor. Id. Plaintiff was seen by Dr. Youngue shortly thereafter but was unable to answer the doctor's questions due to the officer present interrupting and answering for him. Id. When Plaintiff stated that he was "beaten by the guards" the officer informed Dr. Youngue that it was not true and to "not write that down." Id. Plaintiff claims that Dr. Youngue did not "take charge of the situation" and allowed the officer to dictate the visit. Id. at p.7. Dr. Youngue allegedly told Plaintiff that there was nothing he could do for him and that Plaintiff would be alright in a few days. Id. Plaintiff claims that he was never offered medication and that he should have been sent to an outside hospital. Id.

### C. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to

state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Ashcroft v. Iqbal, 129 S. Ct.1937, 1949 (May 18, 2009) (citing Twombly, 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (citing Twombly, 550 U.S. at 556-57).

In Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in Phillips v. County of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008) (construing Twombly in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of Twombly and Iqbal as follows:

> After Iqbal, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. See Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n. 3.

Fowler, 578 F.3d at 210.

Thereafter, in light of Iqbal, the United States Court of Appeals for the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), set forth the following two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See* Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.

In addition to the complaint, courts may consider matters of public record and other matters of which a court may take judicial notice, court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6). Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing 5A Wright and Miller, *Federal Practice and Procedure: Civil 2d,* § 1357; Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also consider indisputably authentic documents. Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004); Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); Golden v. Cook, 293 F. Supp.2d 546, 551 (W.D. Pa. 2003) ("[C]ourts are permitted to consider matters of which they may take judicial notice, including records and reports of administrative bodies, and

publically available records and transcripts from judicial proceedings 'in related or underlying cases which have a direct relation to the matters at issue.'") (citations omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See*, *e.g.*, Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002); Riddle v. Mondragon, 83 F.3d 1197, 2102 (10th Cir. 1996).

### D. Discussion

#### 1. Statute of Limitations

Defendants move to dismiss Plaintiff's Amended Complaint on the ground that his claims are barred by the statute of limitations. In this regard, section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ." but it does not provide for any applicable statute of limitations.

6

42 U.S.C. § 1983. Title 28 U.S.C. § 1652 provides that "[t]he laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as the rules of decision in civil actions in the courts of the United States, in cases where they apply," and 42 U.S.C. § 1988 further provides that

> the protection of all persons in the United States in their civil rights…shall be exercised and enforced in conformity with the laws of the United States…but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil…cause is held…shall be extended to govern the said courts in the trial and disposition of the cause….

42 U.S.C. § 1988(a).

In fact, the Supreme Court stated that, "in 42 U.S.C. § 1988 Congress had plainly instructed the federal courts to refer to state law when federal law provides no rule of decision for actions brought under § 1983 . . . ." Chardon v. Soto, 462 U.S. 650, 657 (1983) (citing Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980)). Thus, in "civil rights actions under [section 1983] federal courts must ascertain the underlying cause of action under state law and apply the limitation period which the state would apply if the action had been brought in state court" and the "controlling statute of limitations in an action pursuant to 42 U.S.C. § 1983 is the most analogous one provided by state law." Jennings v. Shuman, 567 F.2d 1213, 1216 (3d Cir. 1977) (citing Polite v. Diehl, 507 F.2d 119, 122 (3d Cir. 1974)); Eubanks v. Clarke, 434 F. Supp. 1022, 1030 (E.D. Pa. 1977). In actions under 42 U.S.C. § 1983, federal courts apply the state's statute of limitations for personal injury actions. Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 559 (3d Cir. 1998).

In this case, the applicable statute of limitations for Plaintiff's claims is two years. *See* 42 Pa. C.S. § 5524(2). In addition, the limitations period began to run when Plaintiff knew or should have known of the injury forming the basis for this civil rights action. Sameric, 142 F.3d at 599; Gera v. Commonwealth of Pennsylvania, 256 F. App'x 563, 564-65 (3d Cir. 2007). Applying these standards here, it is clear that Plaintiff's Amended Complaint should be dismissed with prejudice in its entirety against all Defendants.

The alleged assault and denial of medical treatment forming the basis of Plaintiff's claims occurred on, and shortly after, August 1, 2007. However, Plaintiff did not initiate this action until May 16, 2011, almost four years later.[1] Plaintiff argues that his claims are not barred by the statute of limitations because he did not know how severely he was beaten until almost two years later when he was brought to trial on charges of assault against Defendant Morris. (ECF No. 25 at p.3.) He states that at the trial, "a video of the entire beating was played" and it was at that point he "knew of the injury upon which [this] action is based." Id. Although he admits to knowing that he had been assaulted, he claims that he would have had to speculate as to what occurred and who was involved if he had filed a complaint at that time. Id. at p.4. As such,

---

[1]  This is the filing date under the "mailbox rule." Pennsylvania and federal courts employ the prisoner mailbox rule. *See* Perry v. Diguglielmo, 169 Fed. Appx. 134, 136 n.3 (3d Cir. 2006) (citing Commonwealth v. Little, 716 A.2d 1287 (Pa. Super. Ct. 1998)); Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Under this doctrine, a prisoner's *pro se* pleading is deemed filed when delivered to prison officials for mailing. *See* Burns, 134 F.3d at 113; Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox).

 The undersigned notes that it was not clear in Plaintiff's original Complaint whether all the alleged wrongs occurred on August 1, 2007, or in connection with the alleged assault on that date. Specifically, Plaintiff did not state whether he was denied medical care in connection with the alleged assault. Therefore, in my original Report and Recommendation, I recommended dismissing Plaintiff's Complaint without prejudice to him clarifying this issue in an amended complaint. However, it is clear from Plaintiff's Amended Complaint that all of his claims stem from the alleged assault that occurred on August 1, 2007, and that he was allegedly denied medical treatment in connection with this incident.

Plaintiff's Amended Complaint appears to raise the question of whether he is entitled to tolling of the statute of limitations.

Because courts look to state law for the appropriate statute of limitations, they also look to state law on the closely related questions of tolling and application. *See* Wilson, 471 U.S. at 264 n.17. Pennsylvania's discovery rule "delays the running of the statute until the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Beauty Time, Inc. v. VU Skin Sys., Inc., 118 F.3d 140, 144 (3d Cir. 1997) (quotations omitted). The discovery rule originated in cases in which the injury or its cause was neither known nor reasonably knowable. *See* Lewey v. H.C. Frick Coke Co., 31 A. 261 (Pa. 1895) (concluding that the statute of limitations did not bar the lawsuit of a plaintiff who could not know that a trespasser had subterraneously extracted coal from his land); Ayers v. Morgan, 154 A.2d 788 (Pa. 1959) (concluding that the plaintiff was entitled to present evidence that he did not and could not know that his pain was the result of a sponge left in his body during an operation performed nine years before). The purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured, so that he has essentially the same rights as those who have suffered such an injury. Hayward v. Medical Center of Beaver County, 608 A.2d 1040, 1043 (Pa. 1992).

As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause. Pocono International Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983). Therefore, when a court is presented with the assertion of the discovery rule's application, it must address the ability of the damaged party, exercising reasonable diligence, to

ascertain that he has been injured and by what cause. Crouse v. Cyclops Industries, 745 A.2d 606, 611 (Pa. 2000). Where reasonable minds would not differ in finding that a party knew or should have known through the exercise of reasonable diligence of his injury and its cause, the court determines that the discovery rule does not apply as a matter of law. Pocono International, 468 A.2d at 471.

Plaintiff's averments as to why the statute of limitations should be tolled are unpersuasive. Moreover, the fact that a plaintiff had repressed memory of abuse does not provide a basis for tolling. *See* Baily v. Lewis, 763 F. Supp. 802, 810 (E.D. Pa. 1991) (analyzing the applicability of the discovery rule under Pennsylvania law when plaintiff had repressed all memory of having been abused for fifteen years), *aff'd*, 950 F.2d 721 (3d Cir. 1991). The plaintiff need only know that he or she has been injured and the cause of the injury - - once this is known the plaintiff must investigate to determine if the defendant's actions give rise to a legal remedy. Id. at 806-07. It is clear from the face of the Amended Complaint that Plaintiff knew of his injury and its cause on August 1, 2007, the day the alleged incident occurred. Although Plaintiff states that he could not recall the event with detail until 2009, he readily admits that he was aware that the alleged assault was occurring at the time it was occurring and that he told a nurse and Dr. Youngue what had happened immediately following the incident. The fact that Plaintiff suffered from some sort of mental incapacity to remember the assault in detail (or even remember it at all) is irrelevant to the discovery rule analysis. *See* Baily, 763 F. Supp. at 810; *see also* E.J.M. v. Archdiocese of Phila., 622 A.2d 1388, 1392-94 (Pa. Super. 1993). As such, the undersigned concludes that the doctrine of tolling should not apply to the extent Plaintiff's Amended Complaint could be considered timely and Defendants' Motion to Dismiss should be granted on this ground.

### 2. Defendants Allegheny County Jail and C.O. 1. Morris

The undersigned notes that the Court was unable to effectuate service on either Defendant Allegheny County Jail or Defendant Morris. Nevertheless, the Court should *sua sponte* dismiss Plaintiff's Amended Complaint in its entirety against these two Defendants because, as discussed *supra*, it is clear that Plaintiff's claims are barred by the statute of limitations. *See* Smith v. Delaware County Court, 260 F. App'x 454 (3d Cir. 2008) (court can *sua sponte* dismiss a complaint under § 1915(e) where the defense is obvious from the complaint and no development of the factual record is required; *see also* Jackson v. Fernandez, No. 08-5694, 2009 U.S. Dist. LEXIS 7041, 2009 WL 233559 (D. N.J. Jan. 26, 2009); Hurst v. City of Dover, No. 04-83, 2008 U.S. Dist. LEXIS 46503, 2008 WL 2421468 (D. Del. June 16, 2008).

Moreover, the Allegheny County Jail is not an entity cognizable as a "person" amenable to suit under section 1983. *See*, *e.g.*, Vance v. County of Santa Clara, 928 F. Supp. 993, 995 (N.D. Cal 1996) (county department of corrections is an agency of the county and cannot be sued separately from the county under section 1983); Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D. N.Y. 1994) (county jail not an entity subject to suit under section 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under section 1983); McCoy v. Chesapeake Corr. Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under section 1983); Mayes v. Elrod, 470 F. Supp. 1188, 1192 (N.D. Ill. 1979) (county department of corrections not a suable entity separate from the county).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendants Dr. Youngue and the Unknown Elderly (African American) Nurse

Female (ECF No. 26) be granted; that Plaintiff's Amended Complaint be dismissed in its entirety against all Defendants; and that this case be closed.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: January 11, 2013

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Keith Washington
32979068
Northeast Ohio Correctional Center
2240 Hubbard Road
Youngstown, OH 44505
*Via U.S. Postal Mail*

Counsel of Record
*Via ECF Electronic Mail*